hln re Langley, Ricky; — Defendant; applying for supervisory and/or remedial writs; Parish of Calcasieu, 14th Judicial District Court, Div. “D”, No. 3057-92; 19th Judicial District Court,'Div. “L”, No. 3-94-968; to the Court of Appeal, Third Circuit, No. KW93 0326.
Denied.
CALOGERO, C.J., and ORTIQUE, J., would grant the writ.
KIMBALL, J., would grant on the Jackson issue.
DENNIS, J., not on panel.
hln re Ricky Langley; Defendant; applying for reconsideration of an Order of this Court dated April 21, 1994; Parish of Calca-sieu, 14th Judicial District Court, Div. “D”, No. 3057-92; 19th Judicial District Court, Div. “L”, No. 3-94-968; to the Court of ■Appeal Third Circuit No. KW93-0326.
ON RECONSIDERATION
JjPER CURIAM.
Reconsideration granted. In view of our continuing supervisory jurisdiction over this capital case, we grant defendant’s application for reconsideration of this Court’s ruling of April 21,1994. On reconsideration, we conclude that the application has merit. The trial court is ordered to prohibit the introduction, in the penalty phase of the trial, of witness testimony concerning conduct relevant to the original charge in an unrelated matter, when the defendant was permitted to plead guilty to a lesser charge.
The character of a defendant convicted of first degree murder is automatically at issue in the sentencing phase of the trial and evidence of convictions of serious unrelated crimes is relevant and probative evidence of the defendant’s character and propensities. See State v. Bourque, 622 So.2d 198 (La.1993); State v. Jackson, 608 So.2d 949 (La.1992); State v. Jordan, 440 So.2d 716 (La.1983); La.C.Cr.P. art. 905.2.
Evidence of unrelated convictions is limited to crimes classified as felonies and *212 may be proved by “the document certifying the fact of conviction and ... the testimony of the victim or of any eyewitness to the crime ... ”. Jackson, 608 So.2d at 954. A further limitation is placed by Jackson on this evidence by “specifically prohibit[ing] evidence of the original charge when the conviction is for a lesser offense.” Id. This limitation would prohibit witness testimony relevant to the original offense of which the defendant was charged in an unrelated matter and to which the defendant pleaded guilty to a lesser offense. To allow introduction of evidence of the original charge risks juror confusion and arbitrary sentencing recommendations. See State v. Bourque, supra.
MARCUS, J., concurs.
LEMMON and HALL, JJ., dissent.
DENNIS, J., not on panel.